IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS M. MCCARTHY,

OPINION AND ORDER

Plaintiff,

17-cv-728-bbc

v.

SONNY PERDUE, Secretary, U.S. Department
of Agriculture,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Plaintiff Thomas McCarthy, who is proceeding pro se, contends that he was not hired as a loan assistant by the United States Department of Agriculture because of his age, sex and previous complaints of employment discrimination against the department, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Although Sonny Perdue, the secretary of the department, is the named defendant in this case, I will refer to the United States Department of Agriculture as the defendant for ease of reference.)

Before the court are the parties' cross motions for summary judgment. Dkt. ##8, 24. Because I conclude that plaintiff has failed to present evidence from which a reasonable jury could conclude that defendant failed to hire him because of his age, gender or protected conduct, I am denying plaintiff's motion for summary judgment and granting defendant's motion for summary judgment.

Turning to the parties' proposed findings of fact, I note that plaintiff has not cited any admissible evidence in support of his proposed findings of fact, in violation of this court's summary judgment procedures, which direct parties that "[e]ach factual proposition must be followed by a reference to evidence supporting the proposed fact. The citation must make it clear where in the record the evidence is located." Pretrial Conference Order, dkt. #5, at 14. However, because plaintiff's proposed findings of fact are signed and sworn, I will consider them to the extent that they are based on plaintiff's personal knowledge, as required for affidavits under Federal Rule of Civil Procedure 56(c)(4). Similarly, plaintiff failed to dispute defendant's proposed findings of fact by "refer[ring] to evidence that supports [his] version" of the fact. Id. at 16. After defendant objected to plaintiff's responses on this ground, plaintiff filed a short "affidavit and disclosure statement" in which he avers that all of the statements he made in his responses to defendant's motion for summary judgment and proposed findings of fact are true. Dkt. #31. Therefore, unless plaintiff's disputes regarding defendant's proposed facts are obviously supported by a sworn statement that he has made based on his personal knowledge, I will treat defendant's proposed facts as undisputed. Additionally, I have not considered any facts that plaintiff discussed in his briefs but did not set out properly as proposed findings.

From the parties' proposed findings of facts and responses, I find the following facts to be material and undisputed unless otherwise noted.

UNDISPUTED FACTS

A. <u>Hiring Process for Loan Assistant</u>

On May 22, 2016, plaintiff Thomas McCarthy applied for the position of loan assistant with defendant's Rural Development Office in Menomonie, Wisconsin. He was 67 years old at the time.

The Delegated Examining Unit in St. Louis, Missouri was responsible for posting and reviewing applicants for the position. Delegated Examining Unit positions like the one plaintiff applied for are open to applicants outside the federal workforce. When the position announcement closed on May 24, 2016, defendant's human resources personnel in St. Louis reviewed the applications and categorized the applicants based on their scores in specific job related competencies, in accordance with Departmental Regulation DR4030-337-002. The top category is "Best Qualified," and more than one applicant may qualify for this category.

Diane Berger, who is 60 years old, has been the area director responsible for the Menomonie, Wisconsin Rural Development office since May 18, 2015, after spending 14 years in Washington D.C. She was the hiring official for the loan assistant position, which means that she was authorized to review applications, interview applicants and recommend applicants for selection. The loan assistant position was the first position for which Berger had served as a hiring official. Kim Crabb works in defendant's Stevens Point, Wisconsin office and served as the human resources point of contact for Berger. She was available to advise Berger on questions about the hiring process.

3

Defendant's human resources staff in Missouri notified Crabb and Berger of the names of the applicants and their category ratings on June 2, 2016. Crabb informed Berger that she had 15 calendar days to return the certificate to Missouri with her selection in accordance with Departmental Regulation DR4030-337-4. Although hiring officials may request an extension of the 15-day deadline, the Delegating Examining Unit in St. Louis rarely grants such extensions.

Although department regulations require interviews for "merit promotion" positions available to current department or federal employees, Berger asked Crabb whether she was required to interview the candidates for the loan assistant position because that position was subject to different rules as a Delegated Examining Unit position. Crabb told Berger that she could interview any number of candidates, or she could choose not to interview any of the candidates and rely instead on their written submissions. Crabb based her advice on an answer she had received after posing a similar question to the St. Louis office a year earlier. In Crabb's experience, about 15 percent of Delegated Examining Unit positions are filled without interviews.

Berger chose not to interview any of the applicants. The certificate of eligible applicants for the loan assistant position had four candidates rated "Best Qualified," including plaintiff and the applicant whom Berger later selected for the position. Crabb advised Berger to select a candidate based on the needs of the office.

According to Berger, the office needed a customer-oriented person with credit experience, including experience underwriting residential loans. Berger chose a female

applicant with 10 years of retail banking experience, most recently as an assistant vice president for a local bank. The chosen candidate's resume also stated that she had a bachelor's degree, prior experience managing a $300 million real estate loan portfolio and employment and community recognitions for excellence in lending. Evaluating those credentials, Berger believed that this candidate had the most recent, relevant experience for the position. Within the 15-day regulatory period, Berger notified the candidate that she had been selected and later met her in person before a background check was completed.

According to Berger, she did not select plaintiff because his application stated that he had spent the last 10 years outside the banking industry. Although plaintiff's application revealed that he had 15 years of experience with the Rural Development Office (from August 26, 1990 to June 30, 2006), including working as a loan specialist manager in the Menomonie office, he had spent six of the preceding 10 years as a part-time insurance employee earning $8.75 an hour and a little over a year as a part-time office assistant, earning $7.25 an hour. Plaintiff was unemployed during the remaining years. An unsuccessful female applicant had accounting and tax preparation education and experience, but no loan underwriting experience. The other male applicant whom Berger did not select had no experience in the banking industry and no relevant college degree.

Berger did not know the age of any of the applicants and did not know that plaintiff had filed any prior discrimination complaints against defendant. Berger's next hire was male.

## B. <u>Plaintiff's Prior Complaints of Discrimination</u>

Plaintiff filed the following complaints of discrimination against the United States

Department of Agriculture:

1. A December 12, 1995 complaint with the Equal Employment Opportunity Commission that resulted in a signed settlement agreement in 1998.

2. A complaint in 2004, alleging that his area director was discriminating against him in favor of his loan specialist assistant.

3. An administrative complaint in December 2005, alleging discriminatory treatment from his area director.

4. A complaint of discrimination with the U.S. Office of Special Council (No. MA-07-0658) and the Merit Systems Protection Board (No. CH-0752-07-0361-1-1) that resulted in a lawsuit in this court, W.D. Wis. Case No. 08-cv-381-bbc, which was dismissed for plaintiff's failure to exhaust his administrative remedies in a timely manner. Plaintiff appealed that decision to the Court of Appeals for the Seventh Circuit (No. 08-3076) and the United States Supreme Court (No. 09-5371); both appeals were dismissed.

5. A complaint in this court, W.D. Wis. Case No. 15-cv-312-bbc, alleging that defendant discriminated against him because of his race, sex and age when the agency failed to interview him for two loan specialist positions. This complaint was dismissed for plaintiff's failure to comply with an administrative deadline. His appeal of that decision was dismissed by the Court of Appeals for the Seventh Circuit, case no. 16-2058.

Berger did not know about plaintiff's previous allegations of employment discrimination against the United States Department of Agriculture.

## OPINION

Plaintiff contends that defendant failed to hire him because of his age, sex and past complaints about discrimination. Although the legal standards for each claim differ slightly,

6

the method by which plaintiff must prove his claims is similar. Therefore, I will first describe the legal standard for each type of claim and then discuss the method of proof and plaintiff's evidence.

## A. <u>Legal Standards</u>

Plaintiff's age discrimination claim is governed by the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1), which, among other things, makes it unlawful for an employer to "discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." Because plaintiff was 68 years old at the time he applied for the job with defendant, he qualifies for protection under the Act, which protects individuals 40 years old and over. <u>Id.</u>, § 631(a). To succeed on an age discrimination claim, plaintiff must produce evidence from which a jury could infer that his age or protected conduct was a "but-for" cause of defendant's decision not to hire him. <u>Gross v. FBL Financial Services, Inc.</u>, 557 U.S. 167, 176 (2009); <u>Ripberger v. Corizon, Inc.</u>, 773 F.3d 871, 880 (7th Cir. 2014).

Plaintiff's claim that defendant discriminated against him when it hired a woman instead of him arises under Title VII, which makes it unlawful for an employer to fail or refuse to hire an individual because of his sex. 42 U.S.C. § 2000e-2(a)(1). "An unlawful employment practice is established when a plaintiff demonstrates that a protected characteristic, such as sex, was a *motivating factor* for an employment decision." <u>Hossack v.</u>

Floor Covering Associates of Joliet, Inc., 492 F.3d 853, 860 (7th Cir. 2007) (emphasis added).  Title VII provides broader protection than the Age Discrimination in Employment Act because it also protects against "mixed-motive" discrimination, meaning that a plaintiff can succeed if he provides evidence that his sex was one of the reasons (rather than the "but-for" reason) that defendant failed to hire him.  Carson v. Lake County, Indiana, 865 F.3d 526, 532 (7th Cir. 2017).

Both the Age Discrimination in Employment Act and Title VII prohibit employers from retaliating against employees for opposing discrimination.  29 U.S.C. § 623(d); 42 U.S.C. § 2000e-3(a).  A plaintiff asserting a retaliation claim under either act must establish that his protected activity was a but-for cause of the alleged adverse action by the employers.  University of Texas Southwest Medical Center v. Nassar, 570 U.S. 338, 360 (2013) (holding that traditional principles of but-for causation, rather than lessened motivating factor test applies to Title VII retaliation claims).

### B.  Method of Proof

Plaintiff may satisfy the standards for a claim under either of the statutes by introducing direct or circumstantial evidence that defendant failed to hire him because of his age, sex or complaints of discrimination.  Skiba v. Illinois Central Railroad Co., 884 F.3d 708, 719 (7th Cir. 2018); Atanus v. Perry, 520 F.3d 662, 671 (7th Cir. 2008) (applying same method of proof to Title VII and age discrimination claims).  Although direct admissions of bias are rare, circumstantial evidence might include:  (1) suspicious timing,

ambiguous oral or written statements, or behavior toward, or comments directed at, other employees in the protected group; (2) evidence, whether or not rigorously statistical, that similarly situated employees outside the protected class received systematically better treatment; or (3) evidence that the employer offered a pretextual reason for an adverse employment action.  Tank v. T-Mobile USA, Inc., 758 F.3d 800, 805 (7th Cir. 2014); Murphy v. Board of Regents of University of Wisconsin System, 73 F. Supp. 3d 1042, 1047-48 (W.D. Wis. 2014).

Alternatively, plaintiff may proceed through the burden-shifting framework adapted from McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  Id.  Under the burden-shifting approach, plaintiff must come forward with evidence showing that:  (1) he is a member of a protected class; (2) he applied and was qualified for an open position; (3) he was rejected; and (4) defendant filled the position with a person who is not in plaintiff's protected class and who had similar or lesser qualifications than plaintiff.  Whitfield v. International Truck & Engine Corp., 755 F.3d 438, 444 (7th Cir. 2014); Rudin v. Lincoln Land Community College, 420 F.3d 712, 724 (7th Cir. 2005).  Although plaintiff's age qualifies him as a member of a protected class and his complaints of discrimination are a protected activity, plaintiff must meet an additional burden with respect to his sex discrimination claim because he is a man.  Mills v. Health Care Services Corp., 171 F.3d 450, 456–57 (7th Cir. 1999) (noting that prima facie case requirements are different in "reverse discrimination" cases because it "is the unusual employer who discriminates against majority employees.").  In reverse sex discrimination cases, the first element becomes a

non-issue and plaintiff must show instead that "background circumstances that demonstrate that a particular employer has reason or inclination to discriminate invidiously against [men] or evidence that there is something 'fishy' about the facts at hand." Gore v. Indiana University, 416 F.3d 590, 592 (7th Cir. 2005) (quoting Phelan v. City of Chicago, 347 F.3d 679, 684 (7th Cir. 2003)).

If plaintiff establishes a prima facie case with respect to either his age, sex or protected activity, the burden shifts "to the defendant to 'articulate a legitimate, nondiscriminatory reason for the adverse employment action, at which point the burden shifts back to the plaintiff to submit evidence that the employer's explanation is pretextual,'" or not the true reason for the adverse employment action. Carson v. Lake County, Indiana, 865 F.3d 526, 533 (7th Cir. 2017). "Pretext requires more than showing that the decision was mistaken, ill considered or foolish, [and] so long as [the employer] honestly believed those reasons, pretext has not been shown." Farrell v. Butler University, 421 F.3d 609, 613 (7th Cir. 2005).

"However the plaintiff chooses to proceed, at the summary judgment stage the court must consider all admissible evidence to decide whether a reasonable jury could find that the plaintiff suffered an adverse action because of" his age, sex or protected activity. Carson, 865 F.3d at 533 (citing Ortiz v. Werner Enterprises, Inc., 834 F.3d 760 (7th Cir. 2016)) ("Th[e] legal standard . . . is simply whether the evidence would permit a reasonable factfinder to conclude that the plaintiff's [age, sex or protected conduct] caused the [] adverse employment action. Evidence must be considered as a whole. . . .").

## C. Plaintiff's Evidence

Plaintiff contends that the "Wisconsin State Office just wanted someone younger than me," "all females made the decision" to hire a woman, he had complained about defendant's discriminating against him in the past, he had extensive and relevant experience and qualifications and "[d]efendant's decision not to even interview [him] for the Loan Specialist position proves a pretext for all the discrimination." Plt.'s Prop. Find. Fact, dkt. #11 at ¶¶ 2-3, 14. Although plaintiff disagrees with Berger's hiring procedure and her stated reasons for hiring another applicant, he has not offered any evidence in support of his contentions apart from his own opinion. Jordan v. City of Gary, 396 F.3d 825, 832 (7th Cir. 2005) (stating that circumstantial evidence "must point directly to a discriminatory reason for the employer's action"). "[I]n the context of a motion for summary judgment, the parties must provide specific facts to support their positions, not conclusory allegations." Prochaska v. Menard, Inc., 829 F. Supp. 2d 710, 713 (W.D. Wis. 2011). Further, "[i]f a party believes any of the averments in an affidavit are inadmissible, the proper response is . . . to dispute each of the facts proposed by the other party that relied on those affidavits, on the ground that the proposed facts are not supported by admissible evidence." Id.

Without more, none of plaintiff's contentions suggest that Berger had a discriminatory reason for not selecting him for the job. The fact that Berger selected a female applicant who was younger than plaintiff does not mean that Berger acted with a discriminatory motive. There was nothing "fishy" or "suspicious" about Berger's behavior or her decision not to hire plaintiff. Although Berger decided not to interview any of the

candidates, this was not out of the ordinary. The undisputed facts show that defendant did not require interviews for that type of position and that they were not always conducted. Although plaintiff believes that Berger must have known about his past complaints of discrimination through Crabb or other employees of defendant, he has not presented any evidence suggesting that this was the case. Even if I were to assume that Berger knew about plaintiff's past complaints, there is no evidence from which a reasonable jury could infer that they factored into her decision not to hire plaintiff.

Finally, defendant has offered legitimate, nondiscriminatory and nonretaliatory reasons for its decision not to hire plaintiff: plaintiff did not have current, relevant experience in the banking field. To show that a reason is pretextual, a plaintiff "must present evidence suggesting that the employer is dissembling." O'Leary v. Accretive Health, Inc., 657 F.3d 625, 635 (7th Cir. 2011). "To meet this burden, [plaintiff] must 'identify such weaknesses, implausibilities, inconsistencies, or contradictions' in [defendant's] asserted reason 'that a reasonable person could find [it] unworthy of credence.'" Id. (citations omitted). Plaintiff fails to meet this standard.

Plaintiff's only argument seems to be that he was so clearly a superior candidate that only an improper motive could have explained Berger's choice. However, plaintiff's qualifications are persuasive evidence of pretext only if the differences between him and the successful candidate are "so favorable to the plaintiff that there can be no dispute among reasonable persons of impartial judgment that the plaintiff was clearly better qualified for the position at issue." Riley v. Elkhart Community School, 829 F.3d 886, 894 (7th Cir.

2016) (quoting <u>Hobbs v. City of Chicago</u>, 573 F.3d 454, 462 (7th Cir. 2009)). Although plaintiff had 15 years of relevant experience, he had not worked in the field or held a full-time job for the past 10 years. In comparison, the successful candidate had 10 years of relevant experience and her experience was current. Certainly reasonable persons could debate whether plaintiff's experience was outdated, in which case he was not the "clearly better candidate." Although plaintiff may disagree with Berger's conclusion, the court's role is to prevent unlawful hiring practices, not to act as a "super personnel department" that second-guesses an employer's business judgments. <u>Millbrook v. IBP, Inc.</u>, 280 F.3d 1169, 1181 (7th Cir. 2002).

In sum, plaintiff's evidence is not sufficient to create a genuine dispute of material fact as to the reasons defendant failed to hire him. I conclude, therefore, that plaintiff has failed to provide a basis for finding intentional discrimination or retaliation.


ORDER

IT IS ORDERED that defendant Sonny Perdue's motion for summary judgment, dkt. #24, is GRANTED and plaintiff Thomas McCarthy's motion for summary judgment, dkt. #8, is DENIED. The clerk of court is directed to enter judgment for defendant and close this case.

Entered this 27th day of August, 2018.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

13